# IN THE COURT OF APPEALS OF IOWA

No. 18-0582
Filed June 6, 2018

**IN THE INTEREST OF M.L.,**
**Minor Child,**

**M.L., Mother,**
    Appellant.

_____

    Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Judge.

    A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

    Randall L. McNaughton, Davenport, for appellant mother.

    Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

    Timothy J. Tupper of Tupper Law Firm, Davenport, guardian ad litem for minor child.

    Considered by Vogel, P.J., and Doyle and Bower, JJ. Tabor, J., takes no part.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights to her child. She contends the State failed to make reasonable efforts to reunite her with the child. She also contends termination is not in the child's best interests.

We review termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). In doing so, we are not bound by the juvenile court's findings of fact, although we give them weight, especially those concerning witness credibility. *See id.*

The child was born to two mothers in 2013.[1] The Iowa Department of Human Services (DHS) became involved with the family in 2015 due to concerns about the biological mother's substance abuse and domestic violence in the home. The child was initially placed in the care of the mother of the biological mother. In early 2017, custody was transferred to the legal mother.

The biological mother was incarcerated in July 2016 and remained incarcerated at the time of the termination hearing. During her incarceration, the mother's behavior prevented her from taking the classes required to be released from prison, extending the length of her incarceration. Her behavior also prevented her from participating in scheduled phone calls with the child.

---

[1] Because the women were married at the time of the child's birth, both are listed as parents on the child's birth certificate. *See Gartner v. Iowa Dep't of Pub. Health*, 830 N.W.2d 335, 354 (Iowa 2013) (requiring the Iowa Department of Public Health to apply the statutory presumption of parentage to married lesbian couples). In order to distinguish clearly between each mother in this opinion while also maintaining confidentiality as required by Iowa Rule of Court 21.25, we refer to the mother who carried the child as the biological mother and her spouse as the legal mother. This appeal concerns termination of the biological mother's parental rights.

The State petitioned to terminate the biological mother's parental rights in November 2017. In a report to the juvenile court, the guardian ad litem recommended terminating the biological mother's parental rights. The termination hearing was held in February 2018. The following month, the juvenile court entered an order terminating the mother's parental rights.

In order to terminate parental rights, the juvenile court must first find clear and convincing evidence supporting one of the grounds for termination listed under Iowa Code section 232.116(1) (2017). *See In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). The juvenile court found the State met its burden of proving the grounds for termination set forth in section 232.116(1)(d), (e), (f), and (*l*). We need only find grounds to terminate parental rights under one of the sections cited by the juvenile court to affirm. *See In re S.R.,* 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). To terminate parental rights under section 232.116(1)(f), the State must prove:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother argues the State failed to make reasonable efforts to reunify her with the child.

> [T]he reasonable efforts requirement is not viewed as a strict substantive requirement of termination. Instead, the scope of the efforts by the DHS to reunify parent and child after removal impacts the burden of proving those elements of termination which require reunification efforts. The State must show reasonable efforts as a

part of its ultimate proof the child cannot be safely returned to the care of a parent.

*In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000) (internal citations omitted). The juvenile court found that the DHS "has provided FSRP services, substance abuse and mental health services and domestic violence counseling through Family Resources, Inc. or the Iowa Domestic Violence Program." The court concluded reasonable efforts had been made to reunify the child with the biological mother. Those efforts were thwarted by the mother's behaviors while incarcerated. Upon our de novo review of the record, we agree with the juvenile court that the State met its duty in making reasonable efforts to reunify the biological mother with her child.

The question then is whether the child could be returned to her custody at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4); *D.W.*, 791 N.W.2d at 707 (interpreting the term "at the present time" to mean "at the time of the termination hearing"). Clear and convincing evidence establishes the child could not be returned to the mother's care at the time of the termination hearing due to her incarceration. Accordingly, termination is appropriate under Iowa Code section 232.116(1)(f).

We next turn to the mother's claim that termination is not in the child's best interests. In making the best-interests determination, the primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interest" are the child's

safety and "need for a permanent home." *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially).

Clear and convincing evidence shows termination of the biological mother's parental rights is in the child's best interests. When asked at the termination hearing if she believed the biological mother's rights should be terminated, one of the service providers responded affirmatively, stating, "At this point in time, [the child] has stability. I believe that right now [the biological mother] cannot provide that, so, yes." The DHS worker reported that the biological mother's "current behaviors do not indicate that [the biological mother] places the needs of her daughter ahead of her own needs and that she continues to struggle with significant behaviors that will continue to impact [the child] if she becomes a part of her life in the future." Most concerning was the evidence regarding the child's response after contact with the biological mother. The child's therapist described that the child exhibited "extreme anxiety" and "disconnect" during phone calls with the biological mother. As the therapist stated in a letter:

> [The child] becomes overly anxious and emotionally out of control during and after each phone contact with [the biological mother]. This is evidenced by the child's angry voice tone, destructive behavior in the office, throwing things around the office, and role playing with dolls in the office in a very aggressive mean manner. She also is having nightmares and behavioral challenges in the home after the phone contact. It is my professional opinion that contact with [the biological mother] be stopped.

In contrast, the child is described as "thriving" in the legal mother's care. The therapist stated that the child "continues to display a bond and connection to [the legal mother]" and "sees her forever family as being with her new baby brother, [the legal mother,] and her brother's bio father."

Because clear and convincing evidence establishes the grounds for termination under Iowa Code section 232.116(1)(f) and termination is in the child's best interests, we affirm the order terminating the biological mother's parental rights.

**AFFIRMED.**